**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fannie Mae, ) | No. CV 12-0035-PHX-JAT |
| ) | |
| Plaintiffs, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| H&B II, LLC; Comanche 18, LLC, ) | |
| ) | |
| Defendants. ) | |
| ) | |

"Inquiring whether the court has jurisdiction is a federal judge's first duty in every case." *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003).

In this case, the notice of removal fails to sufficiently plead jurisdiction. *See* 28 U.S.C. § 1332. Specifically, Defendants fail to identify the citizenship of all members of the limited liability companies. *Johnson v. Columbia Properties Anchorage,* 437 F.3d 894, 899 (9th Cir. 2006) (limited liability companies take on the citizenship of their members). Further, Defendants fail to allege whether Fannie Mae, as a corporation organized and existing in the District of Columbia, can ever qualify for diversity jurisdiction. *See Handcock Fin. Corp. v. Fed. Sav. And Loan Ins. Corp.*, 492 F.2d 1325, 1329 (9th Cir. 1974) (holding that a corporation that is chartered by the federal government and has its principal place of business in the District of Columbia "has citizenship in no particular state for diversity purposes");

*Prize Energy Resources, L.P. v. Santa Fe Pacific Railroad Co.*, 2009 WL 160359, 3-4 (D. Ariz. 2009) (same).

Further, Defendants fail to establish that the amount in controversy exceeds $75,000. Specifically, the Complaint seeks the appointment of a receiver. Defendants fail to explain how appointment of a receiver translates to damages in excess of $75,000. *See Valdez v. Allstate*, 372 F.3d 1115, 1116-17 (9th Cir. 2004) (holding that the removing party must establish the amount in controversy is met by a preponderance of the evidence: "a conclusory allegation neither overcomes the strong presumption against removal jurisdiction, nor satisfies the defendant's burden of setting forth, in the removal petition itself, the *underlying facts* supporting its assertion that the amount in controversy exceeds the applicable dollar value"(internal quotations omitted)).

Accordingly,

**IT IS ORDERED** that because immediate, emergency relief is sought by Plaintiffs, by **Monday, January 9, 2012,** Defendants shall file an amended notice of removal properly alleging federal subject matter jurisdiction, or this case will be remanded for lack of federal subject matter jurisdiction.[1]

DATED this 5th day of January, 2012.

*James A. Teilborg*
United States District Judge

---

[1] The amended notice of removal must contain all jurisdictional allegations sufficient to plead jurisdiction in one document and should not anticipate that the Court will read any previous filings to assess jurisdiction. *See Harris v. Bankers Life and Casualty Co.*, 425 F.3d 689, 695-96 (9th Cir. 2005); *Valdez v. Allstate*, 372 F.3d 1115, 1117 (9th Cir. 2004).