WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fannie Mae, a corporation organized and existing under the laws of the United States,<br><br>Plaintiff,<br><br>vs.<br><br>H&B II, LLC, an Arizona limited liability company; Comanche 18, LLC, a California limited liability company; and John Does I-X,<br><br>Defendants. | No. CV 12-0035-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion to Remand (Doc. 18). The Court now rules on this Motion.

**I.    BACKGROUND**

On December 9, 2011, Plaintiff filed this action in Maricopa County Superior Court (the "Superior Court"). (Doc. 1, Exhibit 2). In its Complaint, Plaintiff alleges that its predecessor-in-interest, Deutsche Bank Berkshire Mortgage, Inc. ("Deutsche Bank"), made a loan to Defendants in the principal amount of $10,163,700. (*Id.*). The Note was secured by a Deed of Trust on the property located at 9350 North 67th Avenue, Glendale, Arizona 85302 (the "Property"). (*Id.*). Deutche Bank assigned all of its interest in the Note and Deed of Trust to Fannie Mae. (*Id.*). Defendants gave Fannie Mae a first priority lien and security interest in all personal property located on or connected with the Property, with such interest

1  perfected in a UCC Financing Statement.  (*Id.*).  The Deed of Trust and Assignment of
2  Collateral includes an assignment of leases and rents provision, wherein Defendants assigned
3  all leases rents, issues or income from the Property to Plaintiff.  (*Id.*).

4      Plaintiff further alleges that, in November 2011, Defendants defaulted on their
5  obligations under the Note and other loan documents by failing to pay all outstanding
6  amounts of principal, interest, and other amounts due and owing under the Loan Documents.
7  (*Id.*).  In its Complaint, Plaintiff seeks the Appointment of Receiver as provided for by
8  Arizona Revised Statutes sections 33-702(B)(1) and 12-1241.  (*Id.*).  Although not alleged
9  in the Complaint, the Parties represented to the Court, during a hearing on January 10, 2012
10 that, pursuant to the Arizona statutes governing non-judicial foreclosures, Plaintiffs have
11 noticed a Trustee's Sale of the Property for March 19, 2012.

12     On December 14, 2011, the Superior Court set a hearing regarding the appointment
13 of a receiver to take place on January 6, 2012 at 8:45 a.m.  (Doc. 1, Exhibit 3).  The Superior
14 Court also entered a temporary restraining order restraining Defendants from "removing
15 secreting, expending, disbursing, transferring, assigning, selling, conveying, devising,
16 pledging, mortgaging, creating a security interest in, or otherwise disposing of the whole or
17 part of the Property, other than in the ordinary course of business, pending the hearing set
18 forth above."  (*Id.*).

19     On January 5, 2012, Defendants removed this action to the District Court of Arizona.
20 (Doc. 1).  On January 6, 2012, this Court notified Defendants of deficiencies in their Notice
21 of Removal and ordered them to file an amended notice of removal.  (Doc. 6).  This Court
22 specifically pointed out that Defendants (1) failed to plead the citizenship of the members of
23 limited liability companies, (2) failed to identify how Fannie Mae, as a corporation chartered
24 by the federal government, could be considered a citizen of the District of Columbia for
25 diversity purposes, and (3) failed to establish that the amount in controversy exceeds
26 $75,000.  (*Id*).  The Court also set a hearing to discuss either the application for appointment
27 of receiver or remanding this case.  (Doc. 7).  The Court ordered that the temporary
28

1  restraining order issued by the Superior Court remain in full force pending the Court's
2  decision regarding remanding the case or an appointment of a receiver. (*Id.*).

3    On January 9, 2012, Defendants filed an Amended Notice of Removal, attempting to
4  address the problems discussed in the Court's Order.  During the hearing on January 10,
5  2012, the Court informed Defendants that it still had concerns regarding the citizenship of
6  a federally chartered corporation and the amount in controversy.  Defendants informed the
7  Court that they were unprepared to address these concerns at the hearing and the Court gave
8  Defendants until 5:00 p.m. on January 11, 2012 to supplement their Notice of Removal.

9    In their supplemental Notice of Removal, Defendants directed the Court to 12 U.S.C.
10 § 1717, which states that Fannie Mae "shall be deemed for the purposes of jurisdiction and
11 venue in civil actions, to be a District of Columbia corporation." (Doc. 17).  Defendants also
12 argued that the amount in controversy was met because, when a receiver is sought, the
13 amount in controversy is the full value of the company's assets. (*Id.*).  Plaintiff then filed a
14 Motion to Remand, agreeing with Fannie Mae's citizenship, but arguing that Defendants
15 have failed to meet the amount in controversy requirement. (Doc. 18).  Accordingly, the
16 Court must now determine whether Fannie Mae has adequately alleged the amount in
17 controversy.

18   **II.   LEGAL STANDARD**

19   A defendant may remove a civil action filed in state court to federal district court if
20 the district court could have exercised original jurisdiction over the matter. 28 U.S.C.A. §
21 1441(a).  On a motion to remand, the scope of the removal statute must be strictly construed.
22 *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992). "The 'strong presumption' against
23 removal jurisdiction means that the defendant always has the burden of establishing that
24 removal is proper." *Id.*  Doubts as to removability must be resolved in favor of remanding
25 the case to state court. *Id.*

26   District courts have original jurisdiction over all civil actions "where the matter in
27 controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is
28 between . . . citizens of different States."  28 U.S.C.A. § 1332(a).  The party asserting

1   diversity jurisdiction bears the burden of proving diversity of citizenship.  *Lew v. Moss*, 797
2   F.2d 747, 749 (9th Cir. 1986).

3       A federal court must ensure that it has proper jurisdiction over the appointment of a
4   receiver because "[w]hen the federal court is without jurisdiction of the action, the
5   receivership necessarily is improper; the appointment of the receiver is a nullity and the
6   receiver has no power to act."  9 CHARLES ALAN WRIGHT ET. AL., FEDERAL PRACTICE AND
7   PROCEDURE § 2985 (4th ed. 2009) (citing *Fahey v. Calverley*, 208 F.2d 197 (9th Cir. 1953),
8   *cert. denied*, 347 U.S. 955 (1954)).

9   **III.   ANALYSIS**

10       Plaintiff argues that Defendants have failed to establish that the amount in controversy
11   exceeds $75,000 in an action solely for the appointment of a receiver.   In response,
12   Defendants argue that the amount in controversy should be measured by the value of the
13   Property.   Alternatively, Defendants argue that the amount in controversy should be
14   measured by the amount of rents that, if appointed, the Receiver would collect, depriving
15   Defendants of the ability to themselves collect those rents.

16       Defendants argue and cite cases establishing that, when parties seek equitable relief,
17   the amount in controversy should be measured by the value of the interest to be protected by
18   the equitable relief requested.   Defendants argue that, in this case, the value of the interest
19   to be protected by equitable relief is the value of the Property that the Receiver would
20   manage until the rights of the parties are determined.   In each case relating to receivership
21   that Defendants cite in support of this proposition, the Court had jurisdiction over matters
22   that would ultimately determine the rights of the parties to the suit.   In other words, in all of
23   the cases regarding receivership cited by Defendants, there existed an underlying cause of
24   action independent of the request for the appointment of a receiver.    Here, no such
25   underlying cause of action exists.

26       In this case, Plaintiff seeks to proceed with a non-judicial foreclosure of the Property
27   and Arizona Revised Statutes section 12-1241 provides for the appointment of a receiver in
28

the absence of an underlying cause of action.[1]  Consequently, in the absence of an underlying cause of action, this Court would not ultimately determine the rights of the parties to the Property.  Accordingly, the value of the Property cannot serve as a basis for determining the amount in controversy.

In this action, Plaintiff seeks the appointment of an equity receiver.  In appointing an equity receiver, the Court does not determine the parties rights to the Property.  Rather,

> An equity receiver is a person specially appointed by the court to take control, custody, or management of property that is involved in or is likely to become involved in, litigation for the purpose of preserving the property, receiving rents, issues, or profits, and undertaking any other appropriate action with regard to the property pending its final disposition by the suit . . . .  The receiver is considered to be an officer of the court, and therefore not an agent of the parties, whose appointment is incident to other proceedings in which some form of primary relief is sought.

9 CHARLES ALAN WRIGHT ET. AL., FEDERAL PRACTICE AND PROCEDURE § 2981 (4th ed. 2009) (internal quotation omitted).  "The money in his hands is in *custodia legis* for whoever can make out title to it.  *Id.* at n.8 (internal citation omitted).

Accordingly, any effects resulting from the Court's appointment of a receiver (beyond the cost of actually appointing such a receiver) are collateral to the ultimate disposition of the parties' rights in the Property.  "It is well settled that the amount in controversy requirement cannot be met by taking into account any collateral effect which may follow adjudication, whether by way of estoppel of the parties or otherwise." *Rapoport v. Rapoport*, 416 F.2d 41, 43 (9th Cir. 1969) (holding that the court lacked subject matter jurisdiction to consider an action to set aside a divorce decree because the action only affected the parties' interests in certain real property collaterally and not directly, and, thus, the value of the property could not be considered as part of the amount in controversy.); *see also Pusey &*

---

[1] "The superior court or a judge thereof may appoint a receiver to protect and preserve property or the rights of parties therein, even if the action includes no other claim for relief." ARIZ. REV. STAT. ANN. § 12-1241.

*Jones Co. v. Hanssen*, 261 U.S. 491 (1923) ("a receivership is not final relief. The appointment determines no substantive right, nor it is a step in the determination of such a right. It is a means of preserving property which may ultimately be applied toward the satisfaction of substantive rights.").

Accordingly, Defendants have failed to establish that this Court has subject matter jurisdiction, and, thus, this case must be remanded.

**IV.    CONCLUSION**

Based on the foregoing,

**IT IS ORDERED** that

1.    Plaintiff's Motion to Remand (Doc. 18) is granted.

2.    The Clerk of the Court shall remand this action to Maricopa County Superior Court.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (Doc. 14) is denied as moot.

DATED this 17th day of January, 2012.

James A. Teilborg
United States District Judge

- 6 -