1  WO

6                IN THE UNITED STATES DISTRICT COURT

7                     FOR THE DISTRICT OF ARIZONA

9   Fannie Mae, a corporation organized and )    No. CV 12-0035-PHX-JAT
    existing under the laws of the United )
10  States,                              )        **ORDER**
                                         )
11            Plaintiff,                 )
                                         )
12  vs.                                  )
                                         )
13                                       )
    H&B II, LLC, an Arizona limited liability )
14  company; Comanche 18, LLC, a )
    California limited liability company; and )
15  John Does I-X,                       )
                                         )
16            Defendants.                )
                                         )
17  _____     )

18       Pending before the Court is Plaintiff's Motion to Remand (Doc. 18).  The Court now

19  rules on this Motion.

20  **I.    BACKGROUND**

21       On December 9, 2011, Plaintiff filed this action in Maricopa County Superior Court

22  (the "Superior Court").  (Doc. 1, Exhibit 2).  In its Complaint, Plaintiff alleges that its

23  predecessor-in-interest, Deutsche Bank Berkshire Mortgage, Inc. ("Deutsche Bank"), made

24  a loan to Defendants in the principal amount of $10,163,700.  (*Id.*).  The Note was secured

25  by a Deed of Trust on the property located at 9350 North 67th Avenue, Glendale, Arizona

26  85302 (the "Property").  (*Id.*).  Deutche Bank assigned all of its interest in the Note and Deed

27  of Trust to Fannie Mae.  (*Id.*).  Defendants gave Fannie Mae a first priority lien and security

28  interest in all personal property located on or connected with the Property, with such interest

perfected in a UCC Financing Statement. (*Id.*). The Deed of Trust and Assignment of Collateral includes an assignment of leases and rents provision, wherein Defendants assigned all leases rents, issues or income from the Property to Plaintiff. (*Id.*).

Plaintiff further alleges that, in November 2011, Defendants defaulted on their obligations under the Note and other loan documents by failing to pay all outstanding amounts of principal, interest, and other amounts due and owing under the Loan Documents. (*Id.*). In its Complaint, Plaintiff seeks the Appointment of Receiver as provided for by Arizona Revised Statutes sections 33-702(B)(1) and 12-1241. (*Id.*). Although not alleged in the Complaint, the Parties represented to the Court, during a hearing on January 10, 2012 that, pursuant to the Arizona statutes governing non-judicial foreclosures, Plaintiffs have noticed a Trustee's Sale of the Property for March 19, 2012.

On December 14, 2011, the Superior Court set a hearing regarding the appointment of a receiver to take place on January 6, 2012 at 8:45 a.m. (Doc. 1, Exhibit 3). The Superior Court also entered a temporary restraining order restraining Defendants from "removing secreting, expending, disbursing, transferring, assigning, selling, conveying, devising, pledging, mortgaging, creating a security interest in, or otherwise disposing of the whole or part of the Property, other than in the ordinary course of business, pending the hearing set forth above." (*Id.*).

On January 5, 2012, Defendants removed this action to the District Court of Arizona. (Doc. 1). On January 6, 2012, this Court notified Defendants of deficiencies in their Notice of Removal and ordered them to file an amended notice of removal. (Doc. 6). This Court specifically pointed out that Defendants (1) failed to plead the citizenship of the members of limited liability companies, (2) failed to identify how Fannie Mae, as a corporation chartered by the federal government, could be considered a citizen of the District of Columbia for diversity purposes, and (3) failed to establish that the amount in controversy exceeds $75,000. (*Id*). The Court also set a hearing to discuss either the application for appointment of receiver or remanding this case. (Doc. 7). The Court ordered that the temporary

restraining order issued by the Superior Court remain in full force pending the Court's decision regarding remanding the case or an appointment of a receiver. (*Id.*).

On January 9, 2012, Defendants filed an Amended Notice of Removal, attempting to address the problems discussed in the Court's Order. During the hearing on January 10, 2012, the Court informed Defendants that it still had concerns regarding the citizenship of a federally chartered corporation and the amount in controversy. Defendants informed the Court that they were unprepared to address these concerns at the hearing and the Court gave Defendants until 5:00 p.m. on January 11, 2012 to supplement their Notice of Removal.

In their supplemental Notice of Removal, Defendants directed the Court to 12 U.S.C. § 1717, which states that Fannie Mae "shall be deemed for the purposes of jurisdiction and venue in civil actions, to be a District of Columbia corporation." (Doc. 17). Defendants also argued that the amount in controversy was met because, when a receiver is sought, the amount in controversy is the full value of the company's assets. (*Id.*). Plaintiff then filed a Motion to Remand, agreeing with Fannie Mae's citizenship, but arguing that Defendants have failed to meet the amount in controversy requirement. (Doc. 18). Accordingly, the Court must now determine whether Fannie Mae has adequately alleged the amount in controversy.

## II.    LEGAL STANDARD

A defendant may remove a civil action filed in state court to federal district court if the district court could have exercised original jurisdiction over the matter. 28 U.S.C.A. § 1441(a). On a motion to remand, the scope of the removal statute must be strictly construed. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* Doubts as to removability must be resolved in favor of remanding the case to state court. *Id.*

District courts have original jurisdiction over all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C.A. § 1332(a). The party asserting

diversity jurisdiction bears the burden of proving diversity of citizenship. *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986).

A federal court must ensure that it has proper jurisdiction over the appointment of a receiver because "[w]hen the federal court is without jurisdiction of the action, the receivership necessarily is improper; the appointment of the receiver is a nullity and the receiver has no power to act." 9 CHARLES ALAN WRIGHT ET. AL., FEDERAL PRACTICE AND PROCEDURE § 2985 (4th ed. 2009) (citing *Fahey v. Calverley*, 208 F.2d 197 (9th Cir. 1953), *cert. denied*, 347 U.S. 955 (1954)).

### III.    ANALYSIS

Plaintiff argues that Defendants have failed to establish that the amount in controversy exceeds $75,000 in an action solely for the appointment of a receiver. In response, Defendants argue that the amount in controversy should be measured by the value of the Property. Alternatively, Defendants argue that the amount in controversy should be measured by the amount of rents that, if appointed, the Receiver would collect, depriving Defendants of the ability to themselves collect those rents.

Defendants argue and cite cases establishing that, when parties seek equitable relief, the amount in controversy should be measured by the value of the interest to be protected by the equitable relief requested. Defendants argue that, in this case, the value of the interest to be protected by equitable relief is the value of the Property that the Receiver would manage until the rights of the parties are determined. In each case relating to receivership that Defendants cite in support of this proposition, the Court had jurisdiction over matters that would ultimately determine the rights of the parties to the suit. In other words, in all of the cases regarding receivership cited by Defendants, there existed an underlying cause of action independent of the request for the appointment of a receiver. Here, no such underlying cause of action exists.

In this case, Plaintiff seeks to proceed with a non-judicial foreclosure of the Property and Arizona Revised Statutes section 12-1241 provides for the appointment of a receiver in

the absence of an underlying cause of action.[1]  Consequently, in the absence of an underlying cause of action, this Court would not ultimately determine the rights of the parties to the Property.  Accordingly, the value of the Property cannot serve as a basis for determining the amount in controversy.

In this action, Plaintiff seeks the appointment of an equity receiver.  In appointing an equity receiver, the Court does not determine the parties rights to the Property.  Rather,

> An equity receiver is a person specially appointed by the court to take control, custody, or management of property that is involved in or is likely to become involved in, litigation for the purpose of preserving the property, receiving rents, issues, or profits, and undertaking any other appropriate action with regard to the property pending its final disposition by the suit . . . .  The receiver is considered to be an officer of the court, and therefore not an agent of the parties, whose appointment is incident to other proceedings in which some form of primary relief is sought.

9 CHARLES ALAN WRIGHT ET. AL., FEDERAL PRACTICE AND PROCEDURE § 2981 (4th ed. 2009) (internal quotation omitted).  "The money in his hands is in *custodia legis* for whoever can make out title to it.  *Id.* at n.8 (internal citation omitted).

Accordingly, any effects resulting from the Court's appointment of a receiver (beyond the cost of actually appointing such a receiver) are collateral to the ultimate disposition of the parties' rights in the Property.  "It is well settled that the amount in controversy requirement cannot be met by taking into account any collateral effect which may follow adjudication, whether by way of estoppel of the parties or otherwise." *Rapoport v. Rapoport*, 416 F.2d 41, 43 (9th Cir. 1969) (holding that the court lacked subject matter jurisdiction to consider an action to set aside a divorce decree because the action only affected the parties' interests in certain real property collaterally and not directly, and, thus, the value of the property could not be considered as part of the amount in controversy.); *see also Pusey &*

---

[1] "The superior court or a judge thereof may appoint a receiver to protect and preserve property or the rights of parties therein, even if the action includes no other claim for relief." ARIZ. REV. STAT. ANN. § 12-1241.

*Jones Co. v. Hanssen*, 261 U.S. 491 (1923) ("a receivership is not final relief. The appointment determines no substantive right, nor it is a step in the determination of such a right. It is a means of preserving property which may ultimately be applied toward the satisfaction of substantive rights.").

Accordingly, Defendants have failed to establish that this Court has subject matter jurisdiction, and, thus, this case must be remanded.

**IV.    CONCLUSION**

Based on the foregoing,

**IT IS ORDERED** that

1.    Plaintiff's Motion to Remand (Doc. 18) is granted.

2.    The Clerk of the Court shall remand this action to Maricopa County Superior Court.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (Doc. 14) is denied as moot.

DATED this 17th day of January, 2012.

_____
James A. Teilborg
United States District Judge